**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivy Frankel,<br><br>        Plaintiff,<br><br>v.<br><br>Aramark Services Incorporated, et al.,<br><br>        Defendants. | No. CV-16-03101-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion to Set Aside Judgment (Doc. 86) and Plaintiff's Motion for Miscellaneous Relief (Doc. 89). Also pending before the Court is Defendants' Motion to Strike Plaintiff's Motion to Set Aside Judgment ("Motion to Strike") (Doc. 87). The Court now rules on the motions.

**I.    BACKGROUND**

On July 16, 2018, the Clerk of Court entered a Judgment (Doc. 83) in favor of Defendants, pursuant to the Court's Summary Judgment Order (Doc. 82). On August 7, 2018, Plaintiff filed a motion couched as a motion to re-open the case that is effectively a Motion to Set Aside Judgment. (Doc. 86).[1] On August 8, 2018, Defendants filed a Motion to Strike (Doc. 87) Plaintiff's motion as untimely under District of Arizona Local

---

[1] The "liberal construction" rule provides that courts must liberally construe motions and complaints in favor of pro se litigants. *See Clark v. Schriro*, No. CV-05-181-PHX-SMM MEA, 2005 WL 6172627, at *1 (D. Ariz. Oct. 5, 2005) (citing *United States v. Seesing*, 234 F.3d 456, 462–63 (9th Cir. 2001)). Here, Defendants argue that Plaintiff's Motion to Set Aside Judgment (Doc. 86) is effectively an untimely motion for reconsideration of the Court's Summary Judgment Order (Doc. 82). (Doc. 87 at 1). The Court, however, liberally construes Plaintiff's motion as a Motion to Set Aside Judgment (Doc. 86) under Federal Rule of Civil Procedure ("Rule") 59(e). Fed. R. Civ. P. 59(e).

Rule Civil ("Local Rule") 7.2(g). LRCiv 7.2(g). Plaintiff later filed a separate Motion for Miscellaneous Relief (Doc. 89) on August 14, 2018.

## II. DEFENDANTS' MOTION TO STRIKE (Doc. 87)

Defendants move to strike Plaintiff's Motion to Set Aside Judgment (Doc. 86) by construing the filing as an untimely motion for reconsideration. (Doc. 87 at 1). Local Rule 7.2(g) provides that, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g). However, having construed Plaintiff's filing as a Motion to Set Aside Judgment (Doc. 86), the Court will apply the timelines standard provided by Rule 59(e).

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed the pending Motion (Doc. 86) on August 7, 2018 after the Clerk of Court entered Judgment (Doc. 83) on July 16, 2018; approximately 22 days later. In accordance with the 28-day time period provided by Rule 59(e), the Court deems Plaintiff's Motion to Set Aside Judgment (Doc. 86) to be timely. *See id.* Accordingly, Defendants' Motion to Strike (Doc. 87) is denied.

## III. PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT (Doc. 86)

Because Defendants' Motion to Strike (Doc. 87) is denied, the Court next turns to the merits of Plaintiff's Motion to Set Aside Judgment (Doc. 86).

### A. Legal Standard

The Ninth Circuit recognizes four grounds for relief under Rule 59(e): "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Konarski v. Rankin*, No. CV-13-0999-TUC-DCB, 2015 WL 10793428, at *2 (D. Ariz. Oct. 21, 2015), *aff'd*, 710 Fed. Appx. 289 (9th Cir. 2018) (citing *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th

Cir. 2003)).

"Rule 59(e) motions may not be used to reexamine the initial decision or raise arguments that were available to the party prior to the entry of judgment." *Reyes v. City of Phoenix*, No. CV-17-04741-PHX-JAT, 2018 WL 4377161, at *3 (D. Ariz. Sept. 14, 2018). "Motions for reconsideration cannot be used merely because a plaintiff disagrees with the Court's decision." *Id.* "Furthermore, a Rule 59(e) motion offers an 'extraordinary remedy' to be used 'sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Despite construing the pleadings of pro se litigants liberally, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

**B.     Analysis**

Here, Plaintiff's Rule 59(e) motion is timely, but fails to satisfy the Rule's standards for relief. First, Plaintiff does not allege, nor does the Court find, any manifest errors of law or fact upon which the judgment is based. (*See generally* Doc. 86). Second, Plaintiff does not present any newly discovered or previously unavailable evidence. (*Id.*). Rather, Plaintiff reiterates the arguments raised in her Response to Defendants' Motion for Summary Judgment (Doc. 69) regarding Defendants' failure to provide information regarding the alleged incident. (*Compare* Doc. 69 at 3 ("Despite requests for production, Defendant [sic] was unable to produce any [requested information]") *with* Doc. 86 at 1–2 ("Defendant[s] refused to provide information . . . Defendants refused to provide any reports")). As the Court reasoned in its Summary Judgment Order (Doc. 82), Plaintiff "bears the burden of producing affirmative evidence that would support a jury verdict . . . even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery," which was the case herein. (Doc. 82 at 10 (internal quotation marks and citations omitted)).

Next, Plaintiff implies that setting aside judgment furthers the interests of justice by pointing out her status as a pro se litigant and hardships stemming from her injuries

giving rise to this matter. (Doc. 86 at 1). Plaintiff, however, cites no cases in support of her arguments, nor does she articulate how she was prejudiced as a result of her pro se status or other hardships. *See, e.g.*, *Jacobsen*, 790 F.2d at 1364 (pro se litigants should not be treated more favorably than represented parties).[2] While the Court recognizes that Plaintiff may disagree with the Court's ruling, "disagreement is not a basis for reconsideration." *Yount v. Salazar*, 933 F. Supp. 2d 1215, 1237 (D. Ariz. 2013). Finally, Plaintiff does not allege, nor does the Court find, any intervening change in controlling law that would impact this case. Accordingly, Plaintiff's Motion to Set Aside Judgment (Doc. 86) and all relief requested therein is denied.

## IV. PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF (Doc. 89)

Additionally, Plaintiff submits a Motion for Miscellaneous Relief (Doc. 89), which restates much of her Motion to Set Aside Judgment (Doc. 86). Therein, Plaintiff complains that she did not obtain any information regarding this case following a change of address on July 17, 2018. (Doc. 89 at 1). The Clerk of Court entered a Judgment (Doc. 83) in this case on July 16, 2018—prior to Plaintiff's change of address—so the case was already closed by the time Plaintiff's change of address occurred. To the extent Plaintiff requests "re[-]service" of Defendants' Motion to Strike (Doc. 87), that request is denied as moot because the Court denies Defendants' motion in the instant Order.

Along with the Motion for Miscellaneous Relief (Doc. 89), Plaintiff attaches an incident report from January 5, 2015 related to her slip-and-fall claim that gave rise to this litigation. (Doc. 89 at 3–5). The Court liberally construes this filing as a timely supplement to Plaintiff's Motion to Set Aside Judgment (Doc. 86) because the body of the August 14, 2018 filing both references Plaintiff's previous motion and sets forth the same contentions as discussed in Plaintiff's previous motion. (*Compare* Doc. 86 *with* Doc. 89). The Court examined the attached incident report and finds that it merely restates the factual circumstances discussed at length in Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 69) and the Court's Summary

---

[2] Additionally, Plaintiff was not pro se at the time her Response to Defendants' Motion for Summary Judgment (Doc. 69) motion was filed. (*See* Doc. 69).

Judgment Order (Doc. 82). (*Compare* Doc. 69 at 2–3 *with* Doc. 89 at 3–5).

Specifically, the report documents that Plaintiff allegedly fell and sustained injuries at Defendants' cafeteria on January 5, 2015. (Doc. 89 at 3). The report, however, does not provide any evidence regarding the element of breach, on which the Court based its Summary Judgment Order (Doc. 89). (*See* Doc. 89 at 10–11 ("no reasonable jury could find that Plaintiff met her burden to prove a breach of reasonable care under the circumstances")). The Court already considered the facts contained in the 2015 incident report in the light most favorable to Plaintiff at the summary judgment stage and finds no newly discovered or previously unavailable evidence therein. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (internal quotation marks and citations omitted)). Accordingly, the Court finds no basis upon which to set aside judgment in this matter in either of Plaintiff's pending motions. Plaintiff's Motion for Miscellaneous Relief (Doc. 89) is denied.[3]

///
///
///
///
///
///
///
///
///

---

[3] Regardless of whether the Court construes Plaintiff's Motion for Miscellaneous Relief (Doc. 89) as a supplement to Plaintiff's Motion to Set Aside Judgment (Doc. 86) under Rule 59(e), an independent motion under Rule 59(e), or an untimely motion under Rule 60, the Court finds that the motion fails to provide adequate grounds for relief. *See* Fed. R. Civ. P. 59(e); 60; *see also* LRCiv 7.2(g) (Plaintiff did not file the pending Motion for Miscellaneous Relief (Doc. 89) within "fourteen (14) days after the date of the filing of the [Summary Judgment] Order that is the subject of the motion").

- 5 -

## V. CONCLUSION

Based on the foregoing,

**IT IS SO ORDERED** that Defendants' Motion to Strike (Doc. 87) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Aside Judgment (Doc. 86) is also **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Miscellaneous Relief (Doc. 89) is also **DENIED**. This case remains closed.

Dated this 9th day of October, 2018.

James A. Teilborg
Senior United States District Judge