**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivy Frankel, | No. CV-16-03101-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Aramark Services Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Extension of Time ("Motion") (Doc. 101), which was originally styled as a Notice of Appeal (Doc. 96). The Court now rules on the Motion.

**I.   LEGAL STANDARD**

Absent an exception, the Federal Rules of Appellate Procedure ("Rules") provide that a "notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5), "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." *Id.* 4(a)(5)(A).

**II.   ANALYSIS**

Here, Plaintiff filed the pending Motion on January 17, 2019, purporting to appeal the Court's Order (Doc. 94) dated December 14, 2018.[1] (Doc. 101 at 2). In the Motion,

---

[1] Plaintiff states that the Court's "decision was dated 12/18/18," but the Court did not issue any orders as of that date. (Doc. 101 at 2). The only Order (Doc. 94) issued in this

however, Plaintiff states that "Plaintiff is requesting reversal of summary judgment and [to] reopen [the] case." The Court issued its Summary Judgment Order (Doc. 82) granting judgment in favor of Defendant and the Clerk of Court entered judgment (Doc. 83) accordingly on July 16, 2018; approximately six months before Plaintiff filed the pending Motion. (*Compare* Doc. 82 *with* Doc. 101).

Regardless of which order Plaintiff seeks an extension of time to appeal, Plaintiff failed to file the notice of appeal within 30 days of the entry of the order appealed from. *See* Fed. R. App. P. 4(a)(1)(A). Additionally, Plaintiff failed to request an extension of time to file a notice of appeal regarding the Court's Summary Judgment Order (Doc. 82) until well after 30 days following the time prescribed by Rule 4(a) expired. *See id.* 4(a)(5)(A)(i). Accordingly, the Court must deny Plaintiff's motion requesting permission to appeal the Court's Summary Judgment Order (Doc. 82) because it lacks the authority to grant Plaintiff's request. *See Bowles v. Russell*, 551 U.S. 205, 213–14 (2007) (reasoning that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and a federal court has "no authority to create equitable exceptions" to the jurisdictional time limits for extending the time to appeal set forth in Fed. R. App. P. 4(a)).

### A.   Plaintiff Fails to Show Excusable Neglect or Good Cause

Moreover, Plaintiff fails to show excusable neglect or good cause for her untimely Motion to appeal this Court's Order (Doc. 94) dated December 14, 2018. Although Plaintiff filed the pending Motion within the timeframe contemplated by Rule 4(a)(5)(A)(i) with respect to that Order (Doc. 94), extensions of time are granted only in "extraordinary cases where injustice would otherwise result." *Murillo v. Ridge on Sedona Golf*, No. CV-04-0901-PHX-JAT, 2006 WL 8440335, at *1 (D. Ariz. June 28, 2006) (quoting *Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982)). The United States Supreme Court enumerated four factors to make this determination: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable

---

case during the month of December was issued on December 14, 2018.

control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Regarding the first two factors, granting Plaintiff's Motion could "thwart the Rule's purpose of promoting finality of judgments" and require Defendant to continue to respond to motions needlessly prolonging litigation approximately six months after a judgment (Doc. 83) was entered. *State of Or. v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982). The Court previously denied several of Plaintiff's motions to reopen the case or otherwise seek reconsideration. (*See* Doc. 90 (Order denying Motion to Set Aside Judgment filed on August 7, 2018 (Doc. 86) and Motion for Miscellaneous Relief requesting reconsideration filed on August 14, 2018 (Doc. 89)); Doc. 94 (Order denying Motion for Reconsideration filed on December 3, 2018 (Doc. 93))). The Court's Order (Doc. 94) dated December 14, 2018 simply reaffirms the Court's earlier decisions. (Doc. 94 at 1).

Next, Plaintiff fails to demonstrates a sufficient reason for the delay in filing the pending Motion and only refers to events occurring months after the Court originally issued its Order (Doc. 90) denying Plaintiff's motion to reopen the case. While the Court does not yet discern bad faith by Plaintiff, the record demonstrates that Plaintiff has not neglected or otherwise been hindered in her efforts to file motions in this Court. (*See* Doc. 94 at 1 n.1 ("Should Plaintiff . . . continue to file duplicative and untimely motions, Plaintiff may be subject to monetary sanctions)). Accordingly, the Court finds that Plaintiff fails to show the requisite excusable neglect or good cause to permit an untimely notice of appeal under Rule 4(a)(5).

///

///

///

### III.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 101) is **DENIED**.

Dated this 11th day of March, 2019.

James A. Teilborg
Senior United States District Judge